

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT H. HOLMES, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-581-A |
| | § | |
| PRIVATE NATIONAL MORTGAGE | § | |
| ACCEPTANCE COMPANY, LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
and
## ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

### I.

### Background

On July 21, 2011, plaintiffs, Robert H. Holmes and Beverly S. Holmes, initiated the above-captioned action against defendants, PennyMac Loan Services, LLC, and PennyMac Corp.,[1] in

---

[1] Although Private National Mortgage Acceptance Company, LLC, PennyMac Home Loan Solutions, and PennyMac Mortgage Investment Trust are also named defendants, the notice of removal alleged that they are not proper parties to this action.

the District Court of Palo Pinto County, Texas, 29th Judicial District. By notice of removal filed August 19, 2011, defendants removed the action to this court, alleging that this court has subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

Defendants acknowledged in the notice of removal that the amount in controversy is not apparent from the face of plaintiffs' state court pleading. However, defendants generally argued two grounds for finding that the amount in controversy exceeded the required amount. First, defendants maintained that despite the various claims and causes of action asserted in the petition, plaintiffs' true intent in the litigation was to force defendants to either accept one of plaintiffs' proposals for modifying the loan or purchasing the loan at a reduced rate, or pay damages as a result of such refusal. Plaintiffs' proposals included a proposed reduction in the applicable interest rate from 10.85 percent to two percent, and a reduction in the term of the loan form twenty-six to five years. According to

defendants, had they accepted any of plaintiffs' proposals, the benefit to plaintiffs would have exceeded $75,000.

Alternatively, defendants alleged that the request for injunctive relief, seeking to prevent foreclosure and repossession of the property, and to have all of defendants' interest in the property removed, demonstrated that the amount in controversy more likely than not exceeded $75,000.

Because of a concern that defendants had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court on August 29, 2011, ordered defendants to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.

Defendants filed their amended notice of removal on September 9, 2011. The allegations in the amended notice of removal relative to the amount in controversy were substantially similar to those in the original notice of removal, with the addition of evidence showing the most recent appraised value of the property at $939,900.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

---

[2]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983). It is also "the value of the right to be protected or the extent of the injury to be prevented." Id.

### III.

### The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right

sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiffs make vague, general, and often legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiffs used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having considered the authorities and arguments cited by defendants in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the amended notice of removal defendants stressed that the "crux of the Petition is apparent--[plaintiffs] demand a long-term modification or short payoff, either of which would result in a substantial financial benefit to Plaintiffs." Am. Notice of Removal at 9. While the petition does reference plaintiffs' attempts to convince defendants to accept one of

their proposals, none of the claims or causes of action appear to pertain to those proposed modifications. Rather, the petition seeks recovery for defendants' alleged failure to comply with provisions of the deed of trust and with the terms of the forebearance agreement entered into by plaintiffs and the original holder of the note and deed of trust. Nowhere in the petition does the court find plaintiffs seeking relief in the form of forced acceptance of their modification proposals.

Concerning defendants' arguments relative to plaintiffs' request for injunctive relief, as the court has explained more fully in other cases, determining the amount in controversy in a case where plaintiffs seek to enjoin foreclosure of real property is not so simple as looking to the value of the property at issue. See, e.g., Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). The proper measure of the amount in controversy is the value to the plaintiffs of the requested relief. Garcia v. Koch Oil Co. of Tex., Inc., 351 F.3d 646, 640 n.4 (5th Cir. 2003). Even if plaintiffs were successful in enjoining the foreclosure of the property, they would still be subject to the terms of the note

and deed of trust. Although defendants have provided the court with documents purporting to show that the appraised value of the property exceeds $75,000, the authorities cited in the amended notice of removal fail to persuade the court that the value of the injunctive relief sought by plaintiffs equates to the appraised value of the property.[3]

No information has been provided to the court that would enable the court to place a value on the interest plaintiffs seek to protect by this action. Thus, defendants have not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

For the reasons given above,

---

[3] Defendants rely on Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. Aug. 25, 2009), a case which is not precedent. The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action, see Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011), and defendants have failed to persuade the court otherwise.

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED September 27, 2011.

_____
JOHN McBRYDE
United States District Judge